## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 13-cv-03394-WJM-BNB

NET-LINX AMERICAS, INC.,

       Plaintiff,

v.

THE BERRY COMPANY, LLC,

       Defendant.

_____

### DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT
_____

### ANSWER

Pursuant to Fed. R. Civ. P. 12(a), defendant, The Berry Company, LLC ("Berry"), answers the Second Amended Complaint [Doc. # 10, filed 1/12/14] of plaintiff, net-linx Amercias, Inc. ("Plaintiff"), as follows:

### FIRST DEFENSE

1. Berry is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶ 1 of the Second Amended Complaint and, therefore, denies them.

2. Berry admits the allegations of ¶ 2 of the Second Amended Complaint to the extent that The Berry Company, LLC is a limited liability company organized under the laws of the State of Colorado with a place of business located in Englewood, Colorado, and the sole member of Berry is TBC Holdings II, Inc., a Delaware corporation, with its registered agent being Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808; Berry denies any remaining allegations of ¶ 2 of the Second Amended Complaint.

3. Paragraph 3 of the Second Amended Complaint sets forth a legal conclusion to which a response is not required; to the extent Plaintiff intended to elicit a response, Berry does not dispute subject matter jurisdiction.

4. Berry admits the allegations of ¶ 4 of the Second Amended Complaint to the extent that Berry's principal place of business is within this judicial district, the agreement between the parties contains a forum-selection clause setting forth the exclusive jurisdiction as Delaware, and Berry is now a party to the contract with Plaintiff; Berry otherwise denies the allegations of ¶ 4 of the Second Amended Complaint and affirmatively states that the contract clause setting forth Delaware as the exclusive jurisdiction remains controlling, Plaintiff has waived that specific requirement by filing in this Court, the terms of the agreement inure to successors and assigns, and the provision for choice of Delaware law remains controlling.

5. Berry is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶ 5 of the Second Amended Complaint and, therefore, denies them.

6. Berry admits the allegations of ¶ 6 of the Second Amended Complaint.

7. Berry admits the allegations of ¶ 7 of the Second Amended Complaint to the extent that, upon information and belief, on or about November 8, 2001, Plaintiff and ALLTEL Publishing Corporation entered into a "Software License and Services Agreement" (the "Agreement"), which speaks for itself; to the extent that the allegations of ¶ 7 of the Second Amended Complaint contradict the express terms of the Agreement, they are denied.

8. Berry admits the allegations of ¶ 8 of the Second Amended Complaint.

9. Berry admits the allegations of ¶ 9 of the Second Amended Complaint to the extent that Plaintiff has filed its claim against Berry, but denies the alleged factual predicate for the claim and the remaining allegations of ¶ 9 of the Second Amended Complaint.

10. Berry admits the allegations of ¶ 10 of the Second Amended Complaint to the extent Plaintiff is attempting to partially quote from (and to the extent consistent with) the terms of the Agreement, which speaks for itself; to the extent that the allegations of ¶ 10 of the Second Amended Complaint contradict or otherwise vary from the express terms of the Agreement, they are denied.

11. Berry admits the allegations of ¶ 11 of the Second Amended Complaint to the extent Plaintiff is attempting to partially quote from (and to the extent consistent with) the terms of the Agreement, which speaks for itself; to the extent that the allegations of ¶ 11 of the Second Amended Complaint contradict the express terms of the Agreement, they are denied.

12. Berry admits the allegations of ¶ 12 of the Second Amended Complaint to the extent Plaintiff is attempting to partially quote from (and to the extent consistent with) the terms of the Agreement, which speaks for itself; to the extent that the allegations of ¶ 12 of the Second Amended Complaint contradict the express terms of the Agreement, they are denied.

13. Berry admits the allegations of ¶ 13 of the Second Amended Complaint to the extent Plaintiff is attempting to partially quote from (and to the extent consistent with) the terms of the Agreement, which speaks for itself; to the extent that the

allegations of ¶ 13 of the Second Amended Complaint contradict the express terms of the Agreement, they are denied.

14. Berry denies the allegations of ¶ 14 of the Second Amended Complaint.

15. Berry admits the allegations of ¶ 15 of the Second Amended Complaint to the extent that Berry communicated that employees had accessed the software running on a server in Dayton, Ohio through Citrix, which Citrix access Plaintiff itself has endorsed on its website; Berry denies the remaining allegations of ¶ 15 of the Second Amended Complaint, specifically including any allegation that such Citrix access violated the terms of the Agreement.

16. Berry admits the allegations of ¶ 16 of the Second Amended Complaint to the extent that it sent Plaintiff a letter dated January 6, 2012, which speaks for itself; Berry denies that Plaintiff has correctly quoted the letter and denies the remaining allegations of ¶ 16 of the Second Amended Complaint, specifically including any allegation that such Citrix access violated the terms of the Agreement.

17. Berry denies the allegations of ¶ 17 of the Second Amended Complaint and affirmatively states that the term "Use" is expressly defined under the Agreement, which speaks for itself.

18. Berry denies the allegations of ¶ 18 of the Second Amended Complaint and affirmatively states that the term "Use" is expressly defined under the Agreement, which speaks for itself.

19. Berry denies the allegations of ¶ 19 of the Second Amended Complaint and affirmatively states that the term "Workstation Computer" is expressly defined under the Agreement, which speaks for itself.

20. Berry denies the allegations of ¶ 20 of the Second Amended Complaint and affirmatively states that the terms "Use" and "Workstation Computer" are expressly defined under the Agreement, which speaks for itself.

21. Berry denies the allegations of ¶ 21 of the Second Amended Complaint and affirmatively states that the term "Use" is expressly defined under the Agreement, which speaks for itself.

22. Berry denies the allegations of ¶ 22 of the Second Amended Complaint.

23. Berry denies the allegations of ¶ 23 of the Second Amended Complaint.

24. Berry denies the allegations of ¶ 24 of the Second Amended Complaint.

25. Berry denies the allegations of ¶ 25 of the Second Amended Complaint.

26. Berry is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶ 26 of the Second Amended Complaint and, therefore, denies them.

27. Berry denies the allegations of ¶ 27 of the Second Amended Complaint.

28. Berry denies the allegations of ¶ 28 of the Second Amended Complaint.

29. Berry denies the allegations of ¶ 29 of the Second Amended Complaint.

30. Berry is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶ 30 of the Second Amended Complaint and, therefore, denies them.

31. Berry is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶ 31 of the Second Amended Complaint and, therefore, denies them.

32. Berry is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶ 32 of the Second Amended Complaint and, therefore, denies them.

33. Berry is without information or knowledge sufficient to form a belief as to the truth of the allegations of ¶ 33 of the Second Amended Complaint and, therefore, denies them; Berry further specifically denies any breach of the Agreement and liability.

34. Berry admits the allegations of ¶ 34 of the Second Amended Complaint to the extent that on or about December 23, 2011, Plaintiff wrote a letter titled "Notification of Breach of Agreement" and addressed copies of it to "Local Insight Media, Mr. John Fischer, General Counsel", "Local Insight Media, Mr. Scott Pomeroy, President," "The Berry Company, LLC, Mr. W. Aaron Bowlds, General Counsel," and "The Berry Company, LLC, Mr. John S. Fischer, (President)," which letter speaks for itself; Berry denies any remaining allegations of ¶ 34 of the Second Amended Complaint; Berry further specifically denies any breach of the Agreement and liability.

35. Berry admits the allegations of ¶ 35 of the Second Amended Complaint to the extent that Plaintiff has asserted that Berry failed to cure and purported to terminate the Agreement; Berry denies that it breached the Agreement, denies that Plaintiff properly gave notice and opportunity to cure, denies that it had any obligation to cure and further denies that Plaintiff had any right or ability to terminate any part or the whole of the Agreement; Berry denies any remaining allegations of ¶ 35 of the Second Amended Complaint.

36. Berry admits the allegations of ¶ 36 of the Second Amended Complaint to the extent that Berry continued to assert that it had full rights under the terms of the

Agreement, for which rights Plaintiff had been paid millions of dollars pursuant to the terms of the Agreement; Berry denies that Plaintiff had any right or ability to terminate any part or the whole of the Agreement; Berry denies any remaining allegations of ¶ 36 of the Second Amended Complaint.

37. Berry admits the allegations of ¶ 37 of the Second Amended Complaint to the extent that on or about January 31, 2012, Plaintiff made a written settlement demand, which speaks for itself; Berry denies any remaining allegations of ¶ 37 of the Second Amended Complaint to the extent inconsistent therewith.

38. Berry denies the allegations of ¶ 38 of the Second Amended Complaint.

39. Berry admits the allegations of ¶ 39 of the Second Amended Complaint to the extent that on or about February 6, 2012, Plaintiff sent a written demand, which speaks for itself; Berry denies any remaining allegations of ¶ 39 of the Second Amended Complaint and denies that Plaintiff had any right or ability to terminate any part or the whole of the Agreement.

40. Berry denies the allegations of ¶ 40 of the Second Amended Complaint and denies that Plaintiff had any right or ability to terminate any part or the whole of the Agreement.

41. Berry denies the allegations of ¶ 41 of the Second Amended Complaint.

42. Berry admits the allegations of ¶ 42 of the Second Amended Complaint to the extent that on or about January 16, 2012, Mr. Aaron Bowlds, General Counsel and Secretary of Berry, sent correspondence to Plaintiff, which speaks for itself; Berry denies any remaining allegations of ¶ 42 of the Second Amended Complaint.

43. Berry denies the allegations of ¶ 43 of the Second Amended Complaint.

44. Berry denies the allegations of ¶ 44 of the Second Amended Complaint.

45. Berry denies the allegations of ¶ 45 of the Second Amended Complaint.

46. Berry denies the allegations of ¶ 46 of the Second Amended Complaint.

47. Paragraph 47 of the Second Amended Complaint sets forth a prayer for relief to which a response is not required; to the extent Plaintiff intended to elicit a response, Berry denies that Plaintiff is entitled to any of the monetary damages claimed in the Second Amended Complaint.

48. Berry denies each and every allegation in the Second Amended Complaint it has not expressly admitted to be true.

## SECOND DEFENSE

49. Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

50. Plaintiff is attempting to interfere with Berry's rights under the terms of the Agreement.

## FOURTH DEFENSE

51. Plaintiff's claim is barred by its own conduct.

## FIFTH DEFENSE

52. Plaintiff's claim is barred by the express terms of the Agreement.

## SIXTH DEFENSE

53. The licenses under the Agreement are severable; in no event would Plaintiff have the ability to affect a forfeiture by terminating millions of dollars in licensing rights previously purchased.

## **SEVENTH DEFENSE**

54.     Plaintiff has not alleged a material breach of the Agreement.

## **EIGHTH DEFENSE**

55.     Plaintiff's claim is barred in whole or in part by the statute of limitations and/or the doctrine of laches.

## **NINTH DEFENSE**

56.     Plaintiff's interpretations of the Agreement are barred, insofar as they depend in whole or in part upon parol evidence and/or inadmissible compromise offers and negotiations.

WHEREFORE, defendant, The Berry Company, LLC, demands that the Second Amended Complaint be dismissed with prejudice at Plaintiff's cost, and for such other, further and reasonable relief as justice demands, including without limitation reasonable expenses and/or attorneys' fees, pursuant to Fed. R. Civ. P. 54(d), 28 U.S.C. § 1927, and/or other applicable law.

s/ *Christine M. Haaker*
Christine M. Haaker, Esq.
THOMPSON HINE LLP
Austin Landing I
10050 Innovation Drive, Suite 400
Miamisburg, Ohio  45342-4934
Phone/Fax: (937) 443-6600/6635
E-mail: *christine.haaker@thompsonhine.com*

s/ *Matthew J. Rita*
Matthew J. Rita, Esq.
FOX ROTHSCHILD LLP
1225 17th Street, Suite 2200
Denver, Colorado  80202-5516
Phone/Fax: (303) 292-1200/1300
E-mail: *mrita@foxrothschild.com*

*Attorneys for Defendant, The Berry Company, LLC*

Defendant's Address:
160 Inverness Drive West, Suite 400
Englewood, Colorado  80112-5005

-10-

## **CERTIFICATE OF FILING/SERVICE**

      The undersigned herby certifies that on this 14th day of March, 2014, the foregoing **DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notice to the following counsel of record for Plaintiff:

      Bernard Buecker, Esq.
      Law Office of Bernard Buecker
      1220 Tower Life Building
      310 S. St Mary's
      San Antonio, Texas 78205
      E-mail: *mastholte@aol.com*

                                 s/ *Matthew J. Rita*