IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 13-cv-03394-WJM-BNB

NET-LINX AMERICAS, INC.,

       Plaintiff,

v.

THE BERRY COMPANY, LLC,

       Defendant.

---

## [PROPOSED] SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

Scheduling Conference set for: May 5, 2014, 10:30 a.m.  The parties' counsel have

requested and understand that they have permission to attend the conference via telephone by

dialing each other first and then conferencing into the courtroom via 303-844-6408.

| For Plaintiff, net-linx, Americas, Inc.: | For Defendant, The Berry Company, LLC: |
|---|---|
| Bernard Buecker<br>Law Office of Bernard Buecker<br>1220 Tower Life Bldg.<br>310 S. Marys<br>San Antonio, Texas  78205<br>Tel: (210) 226-1788 | Christine M. Haaker<br>THOMPSON HINE LLP<br>Austin Landing I<br>10050 Innovation Drive, Suite 400<br>Miamisburg, Ohio  45342<br>Tel: (937) 443-6822<br><br>[Defendant's local counsel will not be attending or participating in the conference.] |

## 2. STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§ 1332(a)(2) because the alleged amount in controversy exceeds Seventy-Five Thousand Dollars

($75,000.00), exclusive of interest and costs, and the controversy is between a corporation, net-

linx Americas, Inc. ("net-linx"), a citizen of Canada, and a limited liability company, The Berry

Company, LLC ("Berry"), a citizen of the States of Delaware and Colorado.[1]

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiff's Statement:

Defendant purchased software from plaintiff used in the production and printing of its

telephone books.  Defendant purchased in excess of 200 seats (computer terminals)  to access the

software downloaded on one mainframe computer.  The territorial restriction to use of the

software within the territory of the United States was violated.

b.      Defendant's Statement:

Defendant and its predecessors (collectively, "Berry") purchased millions of dollars in

perpetual seat licenses and software services from Plaintiff ("net-linx").  net-linx claims that

Berry's use of 16 of the approximately 200 licenses exceeded the scope of the licenses under the

parties' agreement.  Berry denies this claim and asserts that Berry's use of the 16 licenses was

not only consistent with the terms of the parties' agreement, but encouraged by net-linx's own

business practices.  Berry further asserts that, in any event, net-linx is not permitted to achieve a

penalty by terminating all of the seat licenses as a result of a dispute regarding only 16, and

---

[1]  The sole member of The Berry Company, LLC is TBC Holdings II, Inc. [*see* Doc. #15, filed 3/17/14], which is a Delaware corporation with its principal place of business in Colorado.

damages would not be measured by requiring Berry to pay a second time for licenses it already

purchased.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

- · On or about November 8, 2001, net-linx and Alltel Publishing Corporation

  entered into a Software License and Service Agreement (the "Agreement").

- · Berry is the successor of Alltel Publishing Corporation under the Agreement.

- · Berry and/or its predecessors purchased approximately 200 seat licenses under the

  Agreement and paid net-linx approximately $5 million in fees.

- · On or about December 23, 2011, net-linx sent Berry a letter purporting to be a

  notice of breach.  The parties dispute the impact of this letter.

- · Berry disputed the purported notice of breach and continued to assert its rights to

  the purchased licenses thereafter.

## 5. COMPUTATION OF
## DAMAGES

net-linx asserts that its damages are currently calculated at in excess of $2 million.  Berry

disputes that net-linx is entitled to damages and its method of calculation of damages.  Berry has

not asserted a counterclaim for damages, but reserves the right to seek recovery of its attorneys'

fees and costs.

## 6. REPORT OF PRECONFERENCE DISCOVERY
## AND MEETING UNDER FED.R.CIV.P. 26(f)

a.      Date of Rule 26(f) meeting: April 10, 2014

b.      Names of each participant and party he/she represented:

Bernard Buecker, on behalf of Plaintiff, net-linx Americas, Inc.

Christine M. Haaker, on behalf of Defendant, The Berry Company, LLC

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made:

April 28, 2014.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

None.

e.      Statement concerning any agreements to conduct informal discovery:

Plaintiff is willing to provide discovery on an informal basis to allow for early

mediation in approximately late June 2014.  Counsel have and will continue to

work together as any such opportunities arise.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

Counsel have and will continue to work together as any such opportunities arise.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Both parties anticipate that some of the documents and pertinent materials in this

case will be in electronic form.  The parties have agreed to exchange such

material in electronic form to the extent that it is stored in that form, and to make

reasonable efforts to: (i) otherwise preserve metadata, and (ii) to exchange

material in a format that will be allow for uploading into a document management

system.

h.      Statement summarizing the parties' discussions regarding the possibilities for
promptly settling or resolving the case.

Initial discussions to resolve the matter before the litigation was commenced were

not successful.  Counsel for the parties have discussed and are considering early

mediation.

## 7. CONSENT

The parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of
depositions or interrogatories contained in the Federal Rules.

**Each side may take ten depositions, plus the depositions of any specially**

**retained experts designated pursuant to this Scheduling Order.  Each side**

**may serve no more then 25 interrogatories, including discrete subparts.**  ~~The~~

~~parties do not presently anticipate any changes to the limitations imposed by the~~

~~Federal Rules, but reserve the right to request any changes that become necessary~~

~~as discovery proceeds and will  attempt to work cooperatively with each other as~~

~~to any such requests.~~

b.      Limitations which any party proposes on the length of depositions.

**No deposition may exceed one day of seven hours.**  ~~The parties do not presently~~

~~anticipate any changes to the limitations imposed by the Federal Rules, but~~

~~reserve the right to request any changes that become necessary as discovery~~

~~proceeds and will attempt to work cooperatively with each other as to any such~~

~~requests.~~

c.      Limitations which any party proposes on the number of requests for production
        and/or requests for admission.

**Each side may serve no more than 25 requests for production and 25**

**requests for admissions.**  ~~The parties do not presently anticipate any changes to~~

~~the limitations imposed by the Federal Rules,  but reserve the right to request any~~

~~changes that become necessary as discovery proceeds and will attempt to work~~

~~cooperatively with each other as to any such requests.~~

d.      Other Planning or Discovery Orders

        Counsel for the parties have discussed the possibility that some discovery could,

        potentially, elicit responsive documents or other materials that contain

        confidential business information.  Counsel for the parties have agreed to address

        issues regarding an appropriately tailored protective order if that need arises in

        the course of the case.  Counsel may also submit for the Court's approval a

        proposed no-waiver order under Federal Rule of Evidence 502.

## 9. CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:  **June 9, 2014**

b.      Discovery Cut-off: **September 26, 2014**

c.      Dispositive Motion Deadline:  **October 10, 2014**

    d.      Expert Witness Disclosure

        1.      The parties shall identify anticipated fields of expert testimony, if any.

The parties may elicit expert testimony on certain topics, including, but not limited to, the meaning of the term "use" in the software license agreement, the method of accessing software on a mainframe, and other information technology ("IT") issues.

        2.      Limitations which the parties propose on the use or number of expert witnesses.

**Each side may designate no more than three specially retained experts.** ~~The parties do not believe any limitations are necessary~~.

        3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **July 31, 2014**.

        4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **August 29, 2014**.

    e.      Identification of Persons to Be Deposed:

The parties intend to exchange Fed. R. Civ. P. 26(a)(1) initial disclosures on or before **April 28, 2014** and will identify potential persons to be deposed at that time, reserving the right to supplement as discovery proceeds.

f.  Deadline for Interrogatories:  All written interrogatories must be served so that responses would be due under the applicable Federal Rule(s) on or before the discovery cut-off.

g.  Deadline for Requests for Production of Documents and/or Admissions:  All written requests for documents and/or admissions must be served so that responses would be due under the applicable Federal Rule(s) on or before the discovery cut-off.

## 10. DATES FOR FURTHER CONFERENCES

a.  ~~Status conferences will be held in this case at the following dates and times~~

b.  A final pretrial conference will be held in this case on **December 18, 2014, at 9:00 a.m.** A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than **December 11, 2014** ~~seven (7) days before the final pretrial conference~~.

## 11. OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.
    None at this time.

b.  Anticipated length of trial and whether trial is to the court or jury.

    Five days; court.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado.
    None at this time.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order shall be altered or amended only upon showing of good cause and approval of the Court.

Dated May 5, 2014.


BY THE COURT:

 s/ Boyd N. Boland

United States Magistrate Judge



APPROVED:

 *s/ Bernard Buecker*
Bernard Buecker
1220 Tower Life Building
310 S. St. Marys
San Antonio, Texas 78205
Tel:  (210) 226-1788
mastholte@aol.com

*Counsel for Plaintiff,*
*net-linx Americas, Inc.*

*s/ Christine M. Haaker*
Christine M. Haaker
THOMPSON HINE LLP
Austin Landing I
10050 Innovation Drive, Suite 400
Miamisburg, OH  45342
Tel: (937) 443-6600
christine.haaker@thompsonhine.com

-and-

Matthew J. Rita
FOX ROTHSCHILD LLP
1225 17th Street, Suite 2200
Denver, CO  80202
Tel: (303) 292-1200
mrita@foxrothschild.com

*Counsel for Defendant,*
*The Berry Company, LLC*