**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 13-cv-03394-WJM-BNB

NET-LINX AMERICAS, INC.,

              Plaintiff,

v.

THE BERRY COMPANY, LLC,

              Defendant.

---

## ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

---

The Court has considered the parties' Joint Motion for Entry of Stipulated Protective Order (the "Motion"). Good cause having been shown for the entry of the proposed protective order, the Court GRANTS the Motion. Thus, pursuant to Fed. R. Civ. P. 26(c) and D.C.COLO.LCivR 7.2, the Court enters this Protective Order to protect confidential and proprietary information produced, given, and/or exchanged between and/or among the parties and/or any non-parties in the above-captioned case (the "Lawsuit").

IT IS HEREBY ORDERED:

1.    This Protective Order shall apply to documents, materials, and information disclosed pursuant to disclosure or discovery duties created by the Federal Rules of Civil Procedure, whether the documents, materials or information are obtained through discovery, by subpoena or by any other means. This includes, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information. As used in this Protective Order,

"document" is defined as provided in Fed. R. Civ. P. 34.  A draft or non-identical copy is a separate document within the meaning of this term.

## CONFIDENTIAL INFORMATION

2.      In responding to a request for information, any party or non-party (the "Designating Party") may designate certain documents, materials and information as "CONFIDENTIAL."  "CONFIDENTIAL" documents, materials and information include, without limitation, all documents, answers to interrogatories, responses to requests for admission, appropriate portions thereof or other responses to discovery requests, which have not been intentionally released to the public by the Designating Party to the best of its knowledge and which, if disclosed, would compromise the legitimate privacy interests of the Designating Party or its employees or affiliates, or that constitutes a trade secret or other confidential research, development, or commercial information. Such portions of documents, materials or information designated as "CONFIDENTIAL," and the information or data contained therein, along with any abstracts, summaries or indices of such documents, testimony, information or data, shall be referred to as "Confidential Information."

3.      Confidential Information may be disclosed, summarized or otherwise communicated in whole or in part only to the following persons, who may make use of the Confidential Information only in connection with the Lawsuit:

      A)     Attorneys who are actively working on this case;

      B)     Persons employed, contracted by or associated with the attorneys actively working on the case whose assistance is required by said attorneys in preparation for trial, at trial, or at other proceedings in this case;

      C)     The parties;

D)  Expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

E)  The Court and its employees ("Court Personnel");

F)  Stenographic reporters or videographers who are engaged in proceedings necessarily incident to the conduct of this case;

G)  Deponents;

H)  Witnesses and potential witnesses;

I)  Other persons by written agreement of the Designating Parties;

J)  The Confidential Information's author, addressee, or anyone who received the information prior to this case being filed; and

K)  Any person who is the subject of the Confidential Information.

<u>ATTORNEYS' EYES ONLY INFORMATION</u>

4.  In responding to a request for information, a Designating Party may designate as "ATTORNEYS' EYES ONLY" highly sensitive Confidential Information, the disclosure of which the Designating Party reasonably and in good faith believes could seriously harm the business, financial, or commercial interests of the Designating Party if such information were disclosed to any party (other than outside counsel of record) or any third party, including highly sensitive: (a) business, marketing or sales plans or strategies; (b) non-public financial reports and other financial data relating to the performance of the parties' or third parties' respective businesses; (c) know how, trade secrets, patents, or other intellectual property that cannot be disclosed to the other party for commercial or competitive reasons; and/or (d) information regarding third-party relationships, including agreements, sales documents, and any information subject to a third party confidentiality agreement.  Such portions of documents,

3

materials or information designated as "ATTORNEYS' EYES ONLY," and the information or data contained therein, along with any abstracts, summaries or indices of such documents, testimony, information or data, shall be referred to as "Attorneys' Eyes Only Information."

     5.    Attorneys' Eyes Only Information may be disclosed, summarized or otherwise communicated in whole or in part only to the following persons, who may make use of such Attorneys' Eyes Only Information only in connection with the Lawsuit:

A)    Attorneys who are actively working on this case;

B)    Persons employed, contracted to or associated with the attorneys actively working on the case whose assistance is required by said attorneys in preparation for trial, at trial, or at other proceedings in this case;

C)    Expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

D)    Court Personnel;

E)    Stenographic reporters or videographers who are engaged in proceedings necessarily incident to the conduct of this case;

F)    Any person questioned by another party's counsel in a deposition or hearing in this Lawsuit regarding the Attorneys' Eyes Only Information, provided that such person does not remove the Attorneys' Eyes Only Information and does not disclose its contents outside the deposition or hearing;

G)    Other persons by written agreement of the Designating Parties; and

H)    The Attorneys' Eyes Only Information's author, addressee, or anyone who received the information prior to this case being filed.

     6.    The "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation shall be made in the following manner:

A) In the case of documents, exhibits, briefs, memoranda, responses to interrogatories or other materials or information (apart from depositions or other pretrial testimony): by stamping "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," whether in all capital or lowercase letters, or any combination thereof, on the first page of the document and on each page or portion thereof so designated. If the document, material or information is not in paper form, the Designating Party shall use reasonable and clearly visible means to identify it as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL;"

B) By imprinting "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" next to or above any response to a discovery request;

C) For documents, materials or information produced by any Designating Party prior to this case by giving written notice to opposing counsel designating such portions as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL;"

D) With respect to transcribed testimony (other than transcribed deposition testimony described in paragraphs 9-11 below), by giving written notice to opposing counsel designating such portions as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL;" and

E) With respect to documents, materials or information any third party to this Lawsuit provides, by giving written notice to opposing counsel designating such portions as "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

7. Designation of documents, materials or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall only be made after the Designating Party's counsel, upon review of the documents, materials or information, has a reasonable, good faith belief that they are entitled to protection under this Protective Order.

8. No copies of Confidential or Attorneys' Eyes Only Information shall be made except by or on behalf of counsel in this Lawsuit. Counsel shall retain custody of Confidential and Attorneys' Eyes Only Information and copies made therefrom during this Lawsuit.

9.     Confidential or Attorneys' Eyes Only Information disclosed during a deposition may be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record when possible, but a Designating Party may designate all or any portion of a deposition as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after transcription by providing written notice of the designation to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10.     In the event any part of a deposition transcript contains Confidential or Attorneys' Eyes Only Material, the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation shall be prominently affixed to the original and all copies of each transcript page that contain such information, and the cover of each transcript shall state "THIS DEPOSITION TRANSCRIPT CONTAINS [CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION] PURSUANT TO PROTECTIVE ORDER."

~~11.     At the request of the Designating Party, the Court may limit or restrict person(s) who are not permitted access to Confidential or Attorneys' Eyes Only Information from attending some or all of any hearing or deposition at which such information is revealed, subject to D.C.COLO.LCivR 7.2.~~

12.     Prior to disclosing Confidential or Attorneys' Eyes Only Information to any person as allowed by this Protective Order (other than counsel, persons employed by counsel, Court Personnel, stenographic reporters, videographers, and the parties), a party shall provide such person with a copy of this Protective Order and obtain from such person a signed acknowledgement in the form set forth in "Exhibit A," attached

hereto.  All such acknowledgements shall be retained by counsel until the conclusion of this Lawsuit or as may otherwise be ordered by the Court.  The Court may direct counsel to produce any such acknowledgement at any time upon a showing of good cause, and all such acknowledgements shall be subject to in camera review by the Court, upon a showing of good cause.  No person who has received Confidential or Attorneys' Eyes Only Information after signing an acknowledgement shall photocopy or otherwise reproduce or retain the information other than for use solely for the purposes of this Lawsuit. Individuals authorized to review Confidential or Attorneys' Eyes Only Information pursuant to this Protective Order also shall hold Confidential or Attorneys' Eyes Only Information in confidence and shall not divulge the Confidential or Attorneys' Eyes Only Information, either verbally or in writing, to any other person, entity or government agency unless court order authorizes them to do so.

13.    The recipient of any Confidential or Attorney's Eyes Only Information agrees to subject himself or herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of the Protective Order.  All parties to this Protective Order agree, and agree to inform each person to whom they disclose or give access to Confidential or Attorneys' Eyes Only Information, that damages for violation of the Protective Order are not an adequate remedy and that the appropriate remedy is injunctive relief.

14.    Confidential and Attorneys' Eyes Only Information shall be used by the recipient solely for purposes of this Lawsuit, and shall not be used for any other purpose including, without limitation, any business, proprietary or commercial purpose, nor shall it be disclosed to any third parties other than as allowed by this Protective

7

Order; provided, however, that a recipient may make any and all use of Confidential or Attorneys' Eyes Only Information that becomes public through acts of persons other than the recipient, or which the recipient independently derives or develops from non-confidential sources.

15.   This Protective Order does not apply to any documents, materials, or information already in the possession of a recipient and not subject to any obligation of confidentiality, or acquired by a recipient from a third party without being designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," unless the third party received the documents, materials or information subject to some form of confidentiality protection.

16.   A Designating Party who is not a party in this Lawsuit shall be entitled to the protections afforded herein upon signing a copy of the Protective Order and serving the same on all counsel of record.

17.   In the event additional parties join or are joined in this Lawsuit, they shall not have access to Confidential or Attorneys' Eyes Only Information until the newly joined party or its counsel has executed and, at the request of any party, submitted to the Court its agreement to be fully bound by the Protective Order.

18.   The recipient of any Confidential or Attorneys' Eyes Only Information shall maintain such in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of the Confidential or Attorneys' Eyes Only Information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

*any request to restrict access must comply*

19.   ~~A party, other than the Designating Party, that submits to the Court or~~

*with the requirements of D.C. COLO. L Cir R 7.2.*

~~seeks to use during appearing, Confidential or Attorneys' Eyes Only Information, and~~

8

~~who seeks to have the record containing such Confidential or Attorneys' Eyes Only~~

~~Information unsealed, shall comply with the following requirements, in addition to~~

~~those set forth in D.C.COLO.LCivR 7.2:~~

~~A)~~ ~~At the time of submission, or not less than ten (10) business days before~~ the use of the Confidential or Attorneys' Eyes Only Information, the party seeking to use the Confidential or Attorneys' Eyes Only Information shall give notice, which specifically identifies the Confidential or Attorneys' Eyes Only Information, to the Court and to all other parties, and to any non-party that designated the materials as Confidential or Attorneys' Eyes Only Information pursuant to the Confidentiality Order, that Confidential or Attorneys' Eyes Only Information has been submitted to this Court and that such party seeks to have the materials unsealed or otherwise unrestricted. The Confidential or Attorneys' Eyes Only Information submitted to the Court sought to be unsealed or unrestricted shall bear a legend stating that such materials shall be unsealed or unrestricted upon the expiration of ten (10) business days, absent the submission of a Motion to Restrict pursuant to D.C.COLO.LCivR 7.2; and

B) Any affected party or nonparty may then submit a Motion to Restrict, within five (5) business days after receipt of such notice. In the event a Motion to Restrict is submitted, the Confidential or Attorneys' Eyes Only Information shall remain sealed and restricted until the Motion to Restrict ~~is decided.~~

20.   A party may object to the designation of particular Confidential or

Attorneys' Eyes Only Information by giving written notice to the Designating Party. The

written notice shall identify the documents, materials or information to which the

objection is made. If the parties cannot resolve the objection within ten (10) business

days after the time the notice is received, it shall be the obligation of the Designating

Party to file an appropriate motion requesting that the Court determine whether the

designation should stand. If such a motion is timely filed, the disputed documents,

materials or information shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES

ONLY" under the terms of this Protective Order until the Court rules on the motion.  If the Designating Party fails to file such a motion within the prescribed time, the disputed documents, materials or information shall lose their designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and shall not thereafter be treated as Confidential or Attorneys' Eyes Only Information in accordance with this Protective Order.  In connection with a motion filed under this provision, the Designating Party shall  bear the burden of establishing that good cause exists for the disputed documents, materials or information to be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

~~21.    Motions to file documents under seal or with similar restrictions must comply with the requirements of D.C.COLO.LCivR 7.2.~~

~~22.    If Confidential or Attorneys' Eyes Only Information is to be included in papers submitted or otherwise disclosed to the Court, such papers shall be labeled on the cover "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and state that they are "SUBMITTED UNDER SEAL SUBJECT TO PROTECTIVE ORDER."  Such filings shall be submitted in a sealed envelope and kept under seal and not disclosed to any person unless ordered by the Court.  The filing's cover shall also bear the caption of the case, the pleading or document title and such other description as will allow the Court to readily identify the documents or information or portions thereof so designated.~~

23.    This Protective Order has no effect upon, and shall not apply to, the Designating Party's use of its own Confidential or Attorneys' Eyes Only Information for any purpose.

24.     The production of any Confidential or Attorneys' Eyes Only Information during the exchange of information in this Lawsuit without a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation shall be without prejudice to any claim that such information is Confidential or Attorneys' Eyes Only, and no Designating Party shall be held to have waived any rights by such inadvertent production.  If, after production, a party discovers and determines that documents, materials or information should have been designated as Confidential or Attorneys' Eyes Only, the party shall promptly provide written notice to the recipient and shall, within three (3) business days, provide the recipient with a replacement copy of the documents, materials or information bearing the designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  The recipient shall then promptly return the undesignated documents, materials or information and any copies thereof to the Designating Party.  During the three business day period following written notification that the documents, materials or information should have been designated as Confidential or Attorneys' Eyes Only, the recipient shall treat the undesignated documents, materials or information as though they had been so designated.

25.     If a recipient of inadvertently produced Confidential or Attorneys' Eyes Only Information returns it, as described in paragraph 24, the act of returning the undesignated Confidential or Attorneys' Eyes Only Information shall be without prejudice to that recipient's right to move for an order from the Court directing (re)production on the ground that the claimed privilege or protection does not apply or has been waived; provided, however, that waiver of a privilege or protection shall be found only upon a showing that the party holding it (a) intentionally waived it, or (b)

failed to take reasonable steps either to prevent disclosure or to rectify the error promptly.

26.     Should any Confidential or Attorneys' Eyes Only Information be disclosed, through inadvertence or otherwise, by its recipient to any person or party not authorized under this Protective Order, the recipient shall: (a) use its best efforts to obtain the return of any such Confidential or Attorneys' Eyes Only Information and to bind such person or party to the terms of the Confidentiality Order; (b) within three (3) business days of the discovery of such disclosure, inform such person of all provisions of the Confidentiality Order and identify such person or party to the Designating Party; and (c) request such person or party to sign a copy of Exhibit A.  Counsel for the recipient will advise counsel for the Designating Party that it has obtained an executed copy of Exhibit A within five (5) business days of its execution by the party to whom the Confidential or Attorneys' Eyes Only Information was inadvertently disclosed.  Nothing in this paragraph is intended to limit the remedies that the Designating Party may pursue for breach of the Protective Order.

27.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately destroy or return to the producing party all Confidential or Attorneys' Eyes Only Information provided subject to this Protective Order.  If a Party chooses destruction of the Confidential or Attorneys' Eyes Only Information, that Party shall promptly provide a written certification stating that it has complied with this paragraph.  The termination of this Lawsuit shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential or Attorneys' Eyes Only Information pursuant to this Protective Order, and

the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

28. By stipulating to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced.

29. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion addressing how Confidential or Attorneys' Eyes Only Information shall be treated at trial.

30. This Protective Order may be modified by the Court at any time for good cause showing following notice to all parties and an opportunity for them to be heard.

DATED ~~November ___, 2014~~ *October 31, 2014*

BY THE COURT:

United States Magistrate Judge

APPROVED:

s/ Bernard Buecker
Bernard Buecker, Esq.
LAW OFFICE OF BERNARD BUECKER
1220 Tower Life Building
310 S. St. Mary's
San Antonio, Texas  78205
Phone:  (210) 226-1788
E-mail:  *mastholte@aol.com*

*Attorneys for Plaintiff*

s/ Christine M. Haaker
Christine M. Haaker, Esq.
THOMPSON HINE LLP
Austin Landing I
10050 Innovation Drive, Suite 400
Miamisburg, Ohio  45342-4934
Phone: (937) 443-6600
E-mail: *christine.haaker@thompsonhine.com*

*Attorneys for Defendant*

## EXHIBIT A

## AGREEMENT RE: PROTECTIVE ORDER

1.      I am aware that a Protective order dated _____, 2014, has been approved by the United States District Court for the District of Colorado in the case captioned *net-linx Americas, Inc. v. The Berry Company, LLC,* Case No. 13-cv-03394-WJM-BNB.  I have been provided with a copy of that Protective Order, and I have read and understand the prohibitions of the Protective Order.

2.      I agree that I will use any Confidential Information and Attorneys' Eyes Only Information given to me only in connection with the above-referenced case and that I will not under any circumstance disclose or discuss such Confidential and Attorneys' Eyes Only Information to anyone other than the attorneys or others identified in Paragraphs 3 and 5 of the Protective Order.

3.      I consent to be subject to the jurisdiction of the United States District Court for the District of Colorado in conjunction with my compliance or non-compliance with the Protective Order.

Dated: _____          Signed: _____

                                        Printed Name: _____