IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-03394-WJM-BNB

NET-LINX AMERICAS, INC.,

Plaintiff,

v.

THE BERRY COMPANY, LLC,

Defendant.

_____

**ORDER**
_____

Pending is the **Plaintiff's Motion for Leave to File Third Amended Complaint** [Doc. # 26] (the "Motion to Amend"), which is GRANTED.

The plaintiff commenced this action on December 16, 2013, by filing a complaint alleging breach of a software license agreement. Complaint [Doc. # 1]. The plaintiff filed an Amended Complaint [Doc. # 9] and a Second Amended Complaint [Doc. # 10] on January 12, 2014. The Second Amended Complaint continued to allege a single cause of action for breach of the software license.

A scheduling order was entered on May 5, 2014, establishing the deadline to join parties and amend pleadings as June 9, 2014. Scheduling Order [Doc. # 19] at Part 9(a). The Motion to Amend, which seeks to add a claim for copyright infringement, was filed on October 14, 2014, approximately four months after the deadline.

In general, it is my practice to set the deadline to amend pleadings approximately 30 to 45 days after the scheduling conference in order to force known amendments to occur promptly

so that all discovery, including the earliest discovery, is taken based on the claims and defenses as the parties then expect them to be. A party may seek leave to amend after that deadline expires, but it must make a showing of good cause for the late amendment. Good cause exists where the facts underlying the amendment were not known at the time of the deadline but subsequently came to light through discovery, private investigation, or otherwise. Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668-69 (D. Colo. 2001) (holding that "[t]he fact that a party learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend the deadline").

The plaintiff argues that good cause exists here because the defendant misrepresented at the time the action was initiated that it was no longer was using the plaintiff's software, and the plaintiff did not become aware of contrary facts until after the June 9 deadline to amend had expired. Here, as in Pumpco, I find that the discovery of facts supporting an additional claim after expiration of the amendment deadline constitutes good cause to extend that deadline.

The defendant also argues that leave to amend should be denied because the amendment would be futile; is sought after undue delay; and would result in undue prejudice. I disagree. The futility argument places the cart before the horse. "Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." General Steel Domestic Sales, LLC. v. Steelwise, LLC, 2008 WL 2520423 at *4 (D. Colo. June 20, 2008).

Nor am I convinced that the Motion to Amend is brought after undue delay. The plaintiff states that it became aware of the defendant's continued use of the software on October 1, 2014,

Reply [Doc. # 37] at p. 2, and it sought leave to amend on October 14, 2014. Consequently, the plaintiff acted with diligence by seeking leave to amend promptly after it learned of the defendant's continued use.

Finally, the defendant argues that it will be unduly prejudiced by the amendment because it will have insufficient time to conduct necessary discovery.  Leave to amend was sought in mid-November, and the discovery cut-off is not until February 18, 2015.  Perhaps the necessary discovery has been taken in anticipation of the possibility that the amendment would be allowed.  If not, any prejudice is easily cured by extending the time for discovery, which may be allowed upon an adequate showing of need.

IT IS ORDERED:

(1) The Motion to Amend [Doc. # 26] is GRANTED; and

(2) The Clerk of the Court is directed to accept for filing the Third Amended Complaint [Doc. # 35].

Dated February 5, 2015.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge